UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVA HIRALDO,

    Plaintiff,

v.                                                Case No: 8:19-cv-1329-T-60TGW

DOLLAR TREE STORES,
INC.,

    Defendant.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on "Plaintiff's 1) Motion for Partial Summary Judgment as to Liability or, in the Alternative, for a Presumption of Liability Against Defendant Based Upon the Doctrine of *Res Ipsa Loquitur*; and 2) Motion for Partial Summary Judgment as to Causation," filed August 21, 2020. (Doc. 58). On September 25, 2020, Defendant filed a response in opposition. (Doc. 74). Based on the motion, response, court file, and record, the Court finds as follows.

## Background

On August 12, 2016, Plaintiff Eva Hiraldo was in the checkout aisle at a Dollar Tree Store owned by Defendant Dollar Tree Stores, Inc. when a stack of boxes and water jugs set up near the front of the store collapsed. The falling boxes and jugs struck a shopping cart which, in turn struck Plaintiff on her left side, causing her to fall into the checkout counter. On May 6, 2019, Plaintiff filed suit against Defendant in Florida state court, alleging various theories of negligence,

Page 1 of 7

including failure to maintain the premises in a safe condition and failure to warn. Plaintiff alleges that the impact caused her permanent injuries, pain and suffering, disability, and past, present and future medical expenses. Defendant removed the action to this Court on May 31, 2019. Plaintiff has moved (1) for summary judgment on liability based on the doctrine of *res ipsa loquitur*, or alternatively, for a presumption or instruction based on that doctrine, and (2) for partial summary judgment on the issue of causation.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id*.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable

inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where, as here, the moving party is a plaintiff who will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable jury could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

## Analysis

### *Res Ipsa Loquitur*

Plaintiff seeks partial summary judgment on liability under the doctrine of *res ipsa loquitur*. Where direct proof of negligence is lacking, *res ipsa loquitur* nevertheless allows an inference of negligence where the instrumentality causing the plaintiff's injury was within the exclusive control of the defendant, and the accident was one that would not in the ordinary course of events occur without negligence by the defendant. *See, e.g., McDougald v. Perry*, 716 So. 2d 783, 785 (Fla. 1998); *City of New Smyrna Beach Util. Comm'n v. McWhorter*, 418 So. 2d 261, 262 (Fla. 1982). The doctrine is one of "extremely limited applicability" to be used

in "rare instances." *McWhorter*, 418 So. 2d at 262-63 (quoting *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So.2d 1339, 1341-42 (Fla.1978)).

Plaintiff argues that the requirements of *res ipsa loquitur* are met here because she has no direct proof of Defendant's negligence, and the boxes and water jugs she alleges caused her injury had been stacked by Defendant's employees only a few hours before the incident and should therefore be deemed to be in the exclusive control of Defendant. As Defendant points out, however, the boxes and jugs were stacked in a public place where customers could access them and affect their placement or position. Thus, it is not clear that, as a matter of law, the instrumentality of injury was exclusively in Defendant's control. *See, e.g., Monforti v. K-Mart, Inc.*, 690 So. 2d 631, 632-33 (Fla. 5th DCA 1997) (holding that *res ipsa loquitur* was inapplicable where the boxes that fell and struck plaintiff were placed so that customers had access to them).[1]

Even if the elements of *res ipsa loquitur* were met here, summary judgment for Plaintiff would not be warranted. The application of the doctrine merely permits, but does not require, the factfinder to draw an inference of negligence. *See, e.g., McDougald*, 716 So. 2d at 785. It follows that a contrary inference – that the defendant was not negligent – could also be drawn. Moreover, Defendant has presented evidence of due care, including evidence of store practices to ensure the safety of the water jug display.

---

[1] Plaintiff argues that Defendant has admitted that no third party caused or contributed to the boxes and jugs falling, but the interrogatory answer on which Plaintiff relies states only that Defendant does not contend any third party is *liable* for Plaintiff's injuries.

If a *res ipsa loquitur* instruction is appropriate in this case, the jury must still decide whether the facts supporting application of the doctrine exist and weigh the competing inferences presented by all the evidence. *See* Fla. Std. Jury Inst. (Civil) 401.7 (instructing that the jury "may" infer the defendant was negligent "if" it finds the requirements for *res ipsa loquitur* are met). Accordingly, summary judgment based on *res ipsa loquitur* is denied.[2] This ruling does not preclude Plaintiff from seeking a jury instruction on *res ipsa loquitur* if appropriate.

*Causation*

Plaintiff also seeks partial summary judgment on the issue of whether the impact of the falling water jugs on the shopping cart caused her some injury, leaving the issue of the extent of the resulting injuries to the jury. Plaintiff points to a written medical evaluation by Dr. Knezevich, Defendant's medical expert, that opines the incident at Defendant's store caused some injury, even if the extent of the injuries is disputed.

Defendant argues that the reports of Dr. Knezevich and Plaintiff's expert, Dr. Shim, are inadmissible hearsay and therefore cannot be used to support summary judgment. Courts, including the Eleventh Circuit, have held that hearsay and

---

[2] Florida courts have held that summary judgment based on *res ipsa loquitur* is typically inappropriate. *See Sherry v. Regency Ins. Co.*, 884 So. 2d 175, 178 (Fla. 2d DCA 2004) (*res ipsa loquitur* will not by itself support summary judgment); *see also Tesoriero v. Carnival Corp.*, No. 16-21769-Civ-WILLIAMS/TORRES, 2017 WL 8895347, at *12 n.9 (S.D. Fla. Sept. 22, 2017) (noting that courts have generally been reluctant to grant summary judgment for a plaintiff merely upon a demonstration that the doctrine of *res ipsa loquitur* applies), *report and recommendation adopted*, 2018 WL 1894717 (S.D. Fla. Mar. 23, 2018), *aff'd*, 965 F.3d 1170 (11th Cir. 2020).

unsworn documents are generally inadmissible at the summary judgment stage. *See, e.g., Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003); *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999). At the same time, an exception has long existed for evidence that may be "reduced to admissible evidence at trial" or "reduced to admissible form," although the contours of this exception are less than clear. *See Macuba*, 193 F. 3d at 1323-24. Rule 56 as amended in 2010 expressly allows a party on summary judgment to point not only to depositions and affidavits but to "documents" and "electronically discoverable information," unless the opposing party objects that the material cited "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(1)(A), (c)(2). While Defendant does raise that objection, it appears that Dr. Shim and Dr. Knezevich will testify at trial, presumably consistent with their respective written evaluations, and Defendant does not explain how this fact does not satisfy Rule 56.

However, assuming *arguendo* that both reports may be considered at this stage, the Court declines to grant partial summary judgment as to causation. A district court has the discretion to deny summary judgment where the court believes the case would benefit from a full hearing and the better course would be to proceed to trial. *See, e.g., Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001); *Kalamas v. Ross*, No. 8:16-cv-563-T-26JSS, 2017 WL 6344450, at *4 (M.D. Fla. Dec. 12, 2017). That is the case here. Dr. Knezevich and Dr. Shim may disagree as to the extent of Plaintiff's injuries from the incident. Plaintiff's motion seeks to have the Court rule in advance of trial on the essentially theoretical

question whether Plaintiff suffered some "injury" even if it is not the injury or injuries for which she is seeking substantial damages. In this situation, the Court believes the better course is to have the jury hear all the evidence, including medical evidence presented by experts who are subject to cross-examination, and decide whether Plaintiff was injured and, if so, to what extent. It is unlikely that Defendant will contest at trial that Plaintiff suffered some injury. In any event, this ruling does not preclude Plaintiff from raising this issue at trial in the context of a motion for judgment as a matter of law. *See, e.g., Kalamas*, 2017 WL 6344450, at *4 (denial of summary judgment did not preclude reconsideration of the same issue in the context of a motion for judgment as a matter of law under Rule 50).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's 1) Motion for Partial Summary Judgment as to Liability or, in the Alternative, for a Presumption of Liability Against Defendant Based Upon the Doctrine of *Res Ipsa Loquitur*; and 2) Motion for Partial Summary Judgment as to Causation" (Doc. 58) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of December, 2020.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE